

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 2 2 2003

DAVID J. MALAND, CLERK
BY
DEPUTY _____

| | | |
|---|---|---|
| DONALD GLENN SHIRES,<br>       PLAINTIFF | §<br>§<br>§ | |
| VS. | §<br>§ | No. 6-03-CV-0233<br>Jury Trial: LD |
| HWW ENTERPRISES, INC., d/b/a<br>WORLDWIDE PROFESSIONAL<br>SERVICES, WESTPORT RESOURCES<br>CORPORATION, OCEAN RUNNER<br>MARINE, INC.,<br>MICHAEL BAKER, JR., INC. d/b/a<br>BAKER ENERGY SERVICES,<br>AND GRASSO PRODUCTION<br>MANAGEMENT, INC.<br>       DEFENDANTS | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1.0     COMES NOW, the plaintiff Donald Glenn Shires, and for causes of

action against the defendants HWW Enterprises, Inc. d/b/a Worldwide Professional

Services, Westport Resources Corporation, Ocean Runner Marine, Inc., Grasso

Production Management, Inc., Michael Baker, Jr., Inc. d/b/a Baker Marine Services,

and each of them, complain and alleges as follows:

2.0     This Court has Federal Question Jurisdiction under the Outer Continental

Shelf Lands Act, 43 U.S.C. 1331 et seq. over the claims of the Plaintiff in regards to

the Plaintiff's third party negligence claims against Westport Resources Corporation.

(Memorandum Opinion and Order at page 12)  This Court has chosen to exercise

supplemental jurisdiction over the Plaintiff's general maritime negligence claims



**PLAINTIFF'S FIRST AMENDED COMPLAINT**                                        **Page 1**

against Ocean Runner Marine, Inc. initially brought in state Court under the savings to suitors clause. (Memorandum Opinion and Order at page 14) However, as will be shown below, those claims too are the subject of original federal question jurisdiction and are actionable as general negligence claims under OCSLA and the Plaintiff brings this action against Ocean Runner as authorized under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 902(21), 905(b-c) made available to the Plaintiff by 43 U.S.C. § 1333(b). This court also enjoys Federal Question Jurisdiction over the Plaintiff's claims against Grasso Production Management, Inc. under Outer Continental Shelf Lands Act, 43 U.S.C. 1331 et seq.

3.0     HWW Enterprises, Inc. d/b/a Worldwide Professional Services was and is a Texas corporation, transacting business in the state of Texas with its principle offices located in Beckville, Texas. This defendant has appeared and answered herein and is before the Court for all purposes. However, the determination by the Court in its Memorandum Opinion and Order on the Plaintiff's Motion to Remand found that as a matter of law that the Plaintiff is not a Jones Act sailor, as initially alleged in the state Court pleading. This finding by the Court results in the Plaintiff's remedy against this Defendant being limited to an administrative action under the Longshoreman and Harbor Worker's Compensation Act. Based on the Court's ruling, this entity is no longer a proper party to this action due to the exclusivity provisions of that act.

4.0     Westport Resources Corporation is a Nevada Corporation which has appeared and answered herein and is before the Court for all purposes.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**                              **Page 2**

5.0     Ocean Runner Marine, Inc., is a Louisiana corporation which has appeared and answered herein and is before the Court for all purposes.

6.0     Grasso Production Management, Inc., is a Texas Corporation, which may be served process in this matter by service on its registered agent, Stephen M. Merlet, at 810 Highway 6 South, Suite 200, Houston, Texas 77079-4022.

7.0     Michael Baker, Jr., Inc. d/b/a Baker Energy Services is a Pennsylvania Corporation with offices in Pennsylvania and Texas.  This defendant may be served through its registered agent for service, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

### A. CAUSE OF ACTION AGAINST WESTPORT RESOURCES FOR NEGLIGENCE UNDER OSCLA

8.0     This action is brought against Westport Resources in its role as platform owner for negligence under OCSLA.  This court has original federal question jurisdiction over this claim under OCSLA, 43 U.S.C. 1333(2)(a).

9.0     Donald Glenn Shires was employed as a pipe fitter and rigger by HWW Enterprises, Inc. d/b/a Worldwide Professional Services.  (Hereafter WPS).

10.0    WPS was retained as an independent contractor by Westport Resources Corporation.

11.0    Westport Resources Corporation is engaged in oil and gas exploration and production offshore in the Gulf of Mexico.

12.0    In the course of such operations, Westport hired WPS to perform repair and maintenance operations to its fixed platforms on the outer continental shelf.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**                                      **Page 3**

Westport would retain WPS to pre-fabricate railings, ladders and structures, and once the pre-fabrication was completed, Westport would time charter a crew boat to transport the Westport workers, on a boat, to the various platforms where the work would be performed. In this case, Westport entered into a time charter of the M/V/ Ocean Runner VII.

13.0    Plaintiff Shires, was injured on December 12, 2002 in operations involving exploration for and production of Oil and or Gas on the outer Continental Shelf as he transferred by rope swing from a Platform owned by Westport to the vessel the M/V Ocean Runner VII in heavy seas. The impact with the hold of the vessel resulted in disabling injuries, including a broken hip, and injuries to the Plaintiff's back, neck and shoulders which have rendered the Plaintiff disabled and impaired.

14.0    As the platform owner, Westport Resources owed the duty to the Plaintiff to provide a safe workplace, and to warn of or to remedy known hazards.

15.0    Defendant Westport Resources breached its legal duty owed to the Plaintiff as the Platform Owner in the following respects, each of which constituted a hazardous condition upon the platform, each of which was known to the Defendant or should have been known to the Defendant, in the exercise of reasonable care:

> a.    Negligently failing to supply proper gear and equipment necessary to provide a safe means transfer to and from the platform by the absence of a working crane basket;

> b.    Negligently failing to supply proper gear and equipment necessary to provide a safe means transfer to and from the

platform by the failure to provide a helicopter to transfer workers under the high seas conditions;

c.   By requiring the contractor to require its employees to remain on the platform to complete the work project in spite of the onset of adverse weather and heavy seas;

d.   By requiring the contractor to require its employees to transfer from the platform by a swing rope in spite of the adverse weather and heavy seas;

e.   By its failure to adhere to safety regulations promulgated for the protection of the health and safety of workers engaged on the outer Continental Shelf.

f.   By failing to require evacuation of the platform before seas became too rough to attempt a transfer by rope swing.

g.   By failing to provide a medical evacuation of the Plaintiff after he had become injured.

Each of the foregoing acts of negligence was a proximate cause of injuries and damages suffered by the Plaintiff herein as pled for herein below.

### B. CAUSE OF ACTION AGAINST WESTPORT RESOURCES FOR NEGLIGENCE UNDER LHWCA

16.0   This action is brought against WESTPORT RESOURCES in its role as the non-demise time charterer of the vessel M/V Ocean Runner VII for negligence under

the LHWCA, 33 U.S.C. §§ 902(21), 905(b-c) made available to the Plaintiff by 43
U.S.C. § 1333(b).

17.0    Donald Glenn Shires was employed as a pipe fitter and rigger by HWW
Enterprises, Inc. d/b/a Worldwide Professional Services. (Hereafter WPS)

18.0    WPS was retained as an independent contractor by Westport Resources
Corporation.

19.0    Westport Resources Corporation is engaged in oil and gas exploration
and production offshore in the Gulf of Mexico.

20.0    In the course of such operations, Westport hired WPS to perform repair
and maintenance operations to its fixed platforms on the outer continental shelf.
Westport would retain WPS to pre-fabricate railings, ladders and structures, and once
the pre-fabrication was completed, Westport would time charter a crew boat to transport
the Westport workers, on a boat, to the various platforms where the work would be
performed.  In this case, Westport entered into a time charter of the M/V/ Ocean Runner
VII.

21.0    Plaintiff Shires, was injured on December 12, 2002 on a Platform owned
by Westport when he was thrown to the hold of the vessel the M/V Ocean Runner VII
after transferring to the vessel at sea from a fixed platform by a swing rope in heavy
seas.  The impact with the hold resulted in disabling injuries, including a broken hip and
injuries to the Plaintiff's back, neck and shoulders which have rendered the Plaintiff
disabled and impaired.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**                          **Page 6**

22.0    As the non-demise charterer of the M/V Ocean Runner VII, Westport Resources owed the Plaintiff the legal duty to avoid negligent actions within the sphere of activity of the M/V Ocean Runner VII over which it exercised at least partial control.

23.0    Defendant Westport Resources breached its legal duty owed to the Plaintiff in its capacity as the non-demise charterer of the M/V Ocean Runner VII.  The Defendant Westport Resources exercised control over and participated in the decisions which led to the injuries and damages, to wit: cargo, route, and general mission, as well as the specific time in which the vessel will perform its mission, including in this particular instance, the timing and location of the transfer.

24.0    Westport Resources, in its capacity as non-demise charterer of the vessel M/V Ocean Runner VII was negligent in at least one of the following particulars:

    a.    In requiring a rope transfer to a vessel in rough conditions when a helicopter was available and could have been used and there were no compelling circumstances;

    b.    In failing to stop the swing rope transfer;

    c.    In dispatching the vessel into unsheltered water;

    d.    In failing to heed reports of impending weather;

    e.    In failing to dispatch a helicopter to safely transfer the Plaintiff from the platform;

    f.    By its failure to adhere to safety regulations promulgated for the protection of the health and safety of workers engaged on the outer Continental Shelf.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**                                    **Page 7**

g.    By failing to require evacuation of the platform before seas became too rough to attempt a transfer by rope swing.

h.    By failing to provide a medical evacuation of the Plaintiff after he had become injured.

Each of the foregoing acts of negligence was a proximate cause of injuries and damages suffered by the Plaintiff herein as pled for herein below.

## C. CAUSE OF ACTION AGAINST GRASSO PRODUCTION MANAGEMENT FOR NEGLIGENCE UNDER OSCLA

25.0    This action is brought against Grasso Production Management, Inc. for negligence under OCSLA. This court has original federal question jurisdiction over this claim under OCSLA, 43 U.S.C. 1333(2)(a).

26.0    Donald Glenn Shires was employed as a pipe fitter and rigger by HWW Enterprises, Inc. d/b/a Worldwide Professional Services. (Hereafter WPS)

27.0    Grasso Production Management, Inc. was retained as an independent contractor by Westport Resources Corporation to act as its eyes and agent to oversee that the work performed by the independent contractor, HWW Enterprises, Inc. d/b/a Worldwide Professional Services met Westport Resources Corporations' expectations and needs. Westport Resources Corporation is engaged in oil and gas exploration and production offshore in the Gulf of Mexico.

28.0    Grasso Production Management, Inc.'s employee J. Hebert was present on the platform and in communication with Westport Resources Corporation concerning

the progress of the work intended to be performed and the developing storm and sea conditions.

29.0    Grasso Production Management, Inc., through its employee, J. Hebert, participated in the decision to instruct the H.W.W. Crew to remain on the Platform to complete the work intended to be completed, in spite of the developing storm and heavy seas.

30.0    Grasso Production Management, Inc., through its employee, J. Hebert, participated in the decision to instruct the H.W.W. Crew to transfer from the platform to the M/V Ocean Runner VII under heavy sea conditions.

31.0    Plaintiff Shires, was injured on December 12, 2002 on a Platform owned by Westport when he was thrown to the hold of the vessel the M/V Ocean Runner VII after transferring to the vessel at sea from a fixed platform by a swing rope in heavy seas.  The impact with the hold resulted in disabling injuries, including a broken hip and injuries to the Plaintiff's back, neck and shoulders which have rendered the Plaintiff disabled and impaired.

32.0    As the agent for Westport and in its individual capacity, Grasso owed the duty to the Plaintiff to provide a safe workplace, and to warn of or to remedy known hazards.

33.0    Defendant Grasso breached its legal duty owed to the Plaintiff in the following respects, each of which constituted a hazardous condition upon the platform, each of which was known to the Defendant or should have been known to the Defendant, in the exercise of reasonable care:

**PLAINTIFF'S FIRST AMENDED COMPLAINT**                              **Page 9**

a.  Negligently failing to supply proper gear and equipment necessary to provide a safe means transfer to and from the platform by the absence of a working crane basket;

b.  Negligently failing to supply proper gear and equipment necessary to provide a safe means transfer to and from the platform by the failure to provide a helicopter to transfer workers under the high seas conditions;

c.  By requiring the contractor to require its employees to remain on the platform to complete the work project in spite of the onset of adverse weather and heavy seas;

d.  By requiring the contractor to require its employees to transfer from the platform by a swing rope in spite of the adverse weather and heavy seas;

e.  By its failure to adhere to safety regulations promulgated for the protection of the health and safety of workers engaged on the outer Continental Shelf.

f.  By failing to require evacuation of the platform before seas became too rough to attempt a transfer by rope swing.

g.  By failing to provide a medical evacuation of the Plaintiff after he had become injured.

Each of the foregoing acts of negligence was a proximate cause of the injuries and damages suffered by the Plaintiff herein as pled for herein below.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**                                  **Page 10**

### D. CAUSE OF ACTION AGAINST MICHAEL BAKER, JR., INC. d/b/a BAKER ENERGY SERVICES FOR NEGLIGENCE UNDER OSCLA

34.0    This action is brought against Michael Baker, Jr., Inc. d/b/a Baker Energy Services Michael Baker, Jr., Inc. d/b/a Baker Energy Services for negligence under OCSLA.  This court has original federal question jurisdiction over this claim under OCSLA, 43 U.S.C. 1333(2)(a).

35.0    Donald Glenn Shires was employed as a pipe fitter and rigger by HWW Enterprises, Inc. d/b/a Worldwide Professional Services.  (Hereafter WPS)

36.0    Westport Resources Corporation is engaged in oil and gas exploration and production offshore in the Gulf of Mexico.  In the course of such operations, Westport hired Michael Baker, Jr., Inc. d/b/a Baker Energy Services to manage certain of its' oil and gas production operations in the Gulf of the Mexico, including the fixed platform on the outer continental shelf where the injuries to the Plaintiff allegedly occurred.

37.0    Plaintiff Shires, was injured on December 12, 2002 on a Platform owned by Westport and managed by Michael Baker, Jr., Inc. d/b/a Baker Energy Services when he was thrown to the hold of the vessel the M/V Ocean Runner VII after transferring to the vessel at sea from a fixed platform by a swing rope in heavy seas.  The impact with the hold resulted in disabling injuries, including a broken hip and injuries to the Plaintiff's back, neck and shoulders which have rendered the Plaintiff disabled and impaired.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**                    **Page 11**

38.0    As the platform operations manager, Michael Baker, Jr., Inc. d/b/a Baker
Energy Services owed the duty to the Plaintiff to provide a safe workplace, and to warn
of or to remedy known hazards.  Michael Baker, Jr., Inc. d/b/a Baker Energy Services
had actual knowledge that the evacuation of the platform was necessary due to adverse
weather conditions, and in fact, Michael Baker, Jr., Inc. d/b/a Baker Energy Services
evacuated its own employee from the platform by helicopter shortly before the accident
in question.

39.0    Defendant Michael Baker, Jr., Inc. d/b/a Baker Energy Services breached
its legal duty owed to the Plaintiff as the Platform operations manager in the following
respects, each of which constituted a hazardous condition upon the platform, each of
which was known to the Defendant or should have been known to the Defendant, in the
exercise of reasonable care:

  a. Negligently failing to supply proper gear and equipment
   necessary to provide a safe means transfer to and from the
   platform by the absence of a working crane basket;

  b. Negligently failing to supply proper gear and equipment
   necessary to provide a safe means transfer to and from the
   platform by the failure to provide a helicopter to transfer workers
   under the high seas conditions;

  c. By requiring the contractor to require its employees to remain on
   the platform to complete the work project in spite of the onset of
   adverse weather and heavy seas;

**PLAINTIFF'S FIRST AMENDED COMPLAINT**     **Page 12**

d.   By requiring the contractor to require its employees to transfer from the platform by a swing rope in spite of the adverse weather and heavy seas;

e.   By its failure to adhere to safety regulations promulgated for the protection of the health and safety of workers engaged on the outer Continental Shelf.

f.   By failing to require evacuation of the platform before seas became too rough to attempt a transfer by rope swing.

g.   By failing to require adherence to its own safety procedures for the transfer of personnel from a platform.

Each of the foregoing acts of negligence was a proximate cause of the injuries and damages suffered by the Plaintiff herein as pled for herein below.

### E. CAUSE OF ACTION AGAINST OCEAN RUNNER MARINE
### FOR NEGLIGENCE UNDER LHWCA

40.0   This action is brought against Ocean Runner Marine, Inc. for negligence under as authorized under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 902(21), 905(b-c) made available to the Plaintiff by 43 U.S.C. § 1333(b).

41.0   Donald Glenn Shires was injured on December 12, 2002 while employed as an offshore platform maintenance worker on the outer continental shelf from the M/V Ocean Runner VII when he was thrown to the hold of the vessel after transferring to the vessel at sea from a fixed platform by a swing rope in heavy seas. The impact with the

hold resulted in disabling injuries, including a broken hip and injuries to the Plaintiff's back, neck and shoulders which have rendered the Plaintiff disabled and impaired.

42.0   Ocean Runner Marine, Inc. owed the Plaintiff a legal duty under the LHWCA to exercise due care to avoid his exposure to harm from hazards under the active control of the vessel; and the duty to intervene and take reasonable steps to eliminate a hazard if he has actual knowledge that a condition of the vessel or its equipment poses an unreasonable risk of harm *and* the vessel acquires knowledge that the stevedore means to work in the face of it and thus cannot be relied on to remedy it.

43.0   Ocean Runner Marine, Inc. breached its duty of care to avoid the Plaintiff's exposure to harm from hazards under the active control of the vessel in the following particulars, each of which was a proximate cause of the injuries and damages described herein above:

a.   Permitting a rope transfer to the vessel from a fixed platform in heavy seas.

b.   By failing to require evacuation of the platform before seas became too rough to attempt a transfer by rope swing.

c.   By failing to provide a medical evacuation of the Plaintiff after he had become injured.

d.   By backing down onto the Platform to accept a transfer of personnel by a rope transfer under heavy sea conditions.

e.   By failing to require an alternate means of transfer such as a helicopter evacuation or crane basket transfer.

**<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**                              **Page 14**

44.0    Ocean Runner Marine, Inc. breached its duty of care to intervene and take reasonable steps to eliminate a hazard if he has actual knowledge that a condition of the vessel or its equipment poses an unreasonable risk of harm *and* the vessel acquires knowledge that the stevedore means to work on in the face of it and thus cannot be relied on to remedy it in the following particulars, each of which was a proximate cause of the injuries and damages described herein above:

    a.      Permitting the rope transfer to the vessel from a fixed platform in heavy seas when the vessel, through its captain and crew, knew that the motion of the heavy seas created a condition of the vessel which posed an unreasonable risk of harm, which the platform workers, under direct instructions from their superiors meant to confront and work through and could not have been relied upon to remedy.

    b.      By failing to require evacuation of the platform before seas became too rough to attempt a transfer by rope swing when the vessel, through its captain and crew, knew that weather was moving in which would result in heavy seas and create a condition of the vessel which posed an unreasonable risk of harm, which the platform workers, under direct instructions from their superiors meant to confront and work through and could not have been relied upon to remedy.

    c.      By failing to provide a medical evacuation of the Plaintiff after he had become injured when the vessel, through its captain and crew, knew that the motion of the heavy seas, and the time delay in securing medical attention for the obvious injuries to the Plaintiff created a condition

**PLAINTIFF'S FIRST AMENDED COMPLAINT**                                 **Page 15**

which posed an unreasonable risk of harm, which the platform workers, under direct instructions from their superiors meant to confront and work through and could not have been relied upon to remedy.

45.0    Each of the foregoing, individually or in concert with one or more of the others, was a proximate cause of the injuries and damages as are alleged herein below.

## F.  CAUSE OF ACTION AGAINST OCEAN RUNNER MARINE FOR NEGLIGENCE UNDER GENERAL MARITIME LAW

46.0    This action is brought against Ocean Runner Marine, Inc. for negligence under general maritime law.  The court has chosen to exercise supplemental jurisdiction over the Plaintiff's general maritime claims originally brought in state Court under the savings to suitors clause of the Judiciary Act, 28 U.S.C. § 1331.  Additionally, by this amended complaint, the Plaintiff makes his allegations of negligence against this Defendant under OCSLA, as provided by the L.H.W.C.A., and the Court enjoys original federal question jurisdiction over such claims, and the Court can exercise pendant jurisdiction over the general maritime law claims.

47.0    Donald Glenn Shires was injured on December 12, 2002 while employed as an offshore platform maintenance worker on the outer continental shelf from the M/V Ocean Runner VII when he was thrown to the hold of the vessel after transferring to the vessel at sea from a fixed platform by a swing rope in heavy seas.  The impact with the hold resulted in disabling injuries, including a broken hip and injuries to the Plaintiff's back, neck and shoulders which have rendered the Plaintiff disabled and impaired.

48.0    Ocean Runner Marine, Inc. owed the Plaintiff a legal duty under the LHWCA to exercise due care to avoid his exposure to harm from hazards under the active control of the vessel; and the duty to intervene and take reasonable steps to eliminate a hazard if he has actual knowledge that a condition of the vessel or its equipment poses an unreasonable risk of harm *and* the vessel acquires knowledge that the stevedore means to work in the face of it and thus cannot be relied on to remedy it.

49.0    Ocean Runner Marine, Inc. breached its duty of care to avoid the Plaintiff's exposure to harm from hazards under the active control of the vessel in the following particulars, each of which was a proximate cause of the injuries and damages described herein above:

a.    Permitting a rope transfer to the vessel from a fixed platform in heavy seas.

b.    By failing to require evacuation of the platform before seas became too rough to attempt a transfer by rope swing.

c.    By failing to provide a medical evacuation of the Plaintiff after he had become injured.

d.    By backing down onto the Platform to accept a transfer of personnel by a rope transfer under heavy sea conditions.

e.    By failing to require an alternate means of transfer such as a helicopter evacuation or crane basket transfer.

50.0    Ocean Runner Marine, Inc. breached its duty of care to intervene and take reasonable steps to eliminate a hazard if he has actual knowledge that a condition of

**PLAINTIFF'S FIRST AMENDED COMPLAINT**                                  **Page 17**

the vessel or its equipment poses an unreasonable risk of harm *and* the vessel acquires knowledge that the stevedore means to work on in the face of it and thus cannot be relied on to remedy it in the following particulars, each of which was a proximate cause of the injuries and damages described herein above:

a.    Permitting the rope transfer to the vessel from a fixed platform in heavy seas when the vessel, through its captain and crew, knew that the motion of the heavy seas created a condition of the vessel which posed an unreasonable risk of harm, which the platform workers, under direct instructions from their superiors meant to confront and work through and could not have been relied upon to remedy.

b.    By failing to require evacuation of the platform before seas became too rough to attempt a transfer by rope swing when the vessel, through its captain and crew, knew that weather was moving in which would result in heavy seas and create a condition of the vessel which posed an unreasonable risk of harm, which the platform workers, under direct instructions from their superiors meant to confront and work through and could not have been relied upon to remedy.

c.    By failing to provide a medical evacuation of the Plaintiff after he had become injured when the vessel, through its captain and crew, knew that the motion of the heavy seas, and the time delay in securing medical attention for the obvious injuries to the Plaintiff created a condition which posed an unreasonable risk of harm, which the platform workers,

**PLAINTIFF'S FIRST AMENDED COMPLAINT**                              **Page 18**

under direct instructions from their superiors meant to confront and work

through and could not have been relied upon to remedy.

51.0    Each of the foregoing, individually or in concert with one or more of the

others, was a proximate cause of the injuries and damages as are alleged herein below.

### G.  DAMAGES ALLEGATIONS

52.0    As a proximate result of said accident(s), plaintiff Donald Glenn Shires

was hurt and injured in health, strength, and activity, sustaining injuries and illness to

his body and shock and injuries to his nervous system and person, all of which have

caused and continue to cause him great mental, physical and nervous pain and

suffering, and mental anguish.  In all reasonable likelihood, Plaintiff will suffer

substantial and unrelenting physical pain and mental anguish indefinitely into the

future.  Plaintiff is informed and believes and therefore alleges that said injuries and

illness will result in permanent disability and permanent impairment.  The Plaintiff

does seek recovery of these damages, as are shown by the proof at trial, in a sum

which reasonably and adequately compensates the Plaintiff for the injuries and

damages which the Plaintiff has suffered by the negligence of the Defendants herein.

53.0    As a proximate result of said accident(s), plaintiff Donald Glenn Shires

incurred indebtedness for the reasonable costs of physicians, nurses, rehabilitation,

therapists, hospitalization, diagnostic tests, drugs, sundries and other incidentals in the

necessary treatment of said injuries and illness in an amount which Plaintiff alleges

was reasonable at the time and place such services were provided.  Plaintiff is

informed and believes that he will become obligated for further treatment of said

injuries for an indefinite period of time in the future and therefore alleges future medical damages as an element of damages in his suit in an amount shown by the Plaintiff through proof at trial which is and will, in all reasonable medical likelihood, be occasioned by reason of the injuries which the Plaintiff has suffered by the negligence of the Defendants herein. The Plaintiff does seek recovery of these damages, as are shown by the proof at trial, in a sum which reasonably and adequately compensates the Plaintiff for the injuries and damages which the Plaintiff has suffered by the negligence of the Defendants herein.

54.0    As a further proximate result of said accident(s), plaintiff has incurred special damages in the form of lost earnings in the past, and as well will suffer diminished earning capacity in the future due to his disability. As a proximate result of said accident(s), plaintiff's earnings and earning capacity have been impaired, and will be impaired in the future, and the Plaintiff does seek recovery of these damages, as are shown by the proof at trial, in a sum which reasonably and adequately compensates the Plaintiff for the injuries and damages which the Plaintiff has suffered by the negligence of the Defendants herein.

H. CAUSE OF ACTION AGAINST ALL DEFENANTS -GROSS NEGLIGENCE

55.0    Plaintiffs incorporate by reference as if fully set forth herein, all of the allegations contained in the preceding paragraphs.

56.0    Defendants had a specific intent to cause substantial injury or harm to the Plaintiff at the time that he was ordered to make the transfer from the platform to the M/V Ocean Runner VII in heavy sea conditions.

**PLAINTIFF'S FIRST AMENDED COMPLAINT**                    **Page 20**

57.0    Alternatively, on the occasion in question Defendants, and each of them had actual knowledge that the rope transfer of personnel from the platform to the M/V Ocean Runner VII under heavy sea conditions, when viewed from the standpoint of each particular Defendant at the time the rope transfer was contemplated, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Each Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.  Based on the facts stated herein, Plaintiff requests exemplary damages be awarded from each of the Defendants herein, in a sum determined to be fair and adequate by the trier of fact to accomplish the lawful purposes of exemplary damages, and as allowed by the Court and under law.

### I. JURY DEMAND

58.0    Plaintiff continues his demand for a trial by jury.

### J. PRAYER FOR RELIEF

59.0    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear an answer herein for the claims and allegations herein made, and that upon final trial hereof, the Plaintiff have and recover from the Defendants, jointly and severally, for his damages as have been alleged herein, for his pre and post judgment interest at the maximum rate allowed by law, for his costs of court and suit as may be allowed by law, for his attorney fees as may be allowed by law, for exemplary damages as found by the trier of fact for the willful and wanton acts of the defendants, and as may be allowed by the court under the appropriate standard of law,

**PLAINTIFF'S FIRST AMENDED COMPLAINT**                    **Page 21**

and for such other and further relief as he may show himself to be entitled at law or in

equity.  Plaintiff prays for general relief.  Plaintiff continues his demand for trial by jury.

Respectfully submitted,

Bruce A. Craig
State Bar No. 04975270

THE CARLILE LAW FIRM, LLP
400 S. Alamo Street
Marshall, Texas 75670
(903) 938-01655
Fax (903) 938-0235

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and foregoing has been

served on all parties this 21 day of ___AUGUST___, 2003, in accordance with the

Federal Rules of Civil Procedure by Fax Transmission, and by First Class United States

mail.

Bruce A. Craig

**PLAINTIFF'S FIRST AMENDED COMPLAINT**                    **Page 22**